IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JUAN REYES-AGUILAR,<br><br>    Petitioner,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 1: 10-CV-1934 AWI<br>(1: 04-CR 5328 AWI)<br><br>ORDER DIRECTING UNITED STATES TO RESPOND TO PETITION FOR WRIT OF ERROR CORUM NOBIS WITHIN THIRTY DAYS |

  On February 2, 2012, Petitioner Juan Reyes-Aguilar ("Petitioner") filed a Petition for Writ of Error Corum Nobis ("Petition"). The Petition concerns Petitioner's June 9, 2006 judgment and conviction.

  On February 18, 2012, Petitioner plead guilty to violations of 21 U.S.C. § 846 and 21 U.S.C. § 841(a)(1) -- Conspiracy to possess marijuana with intent to distribute. On June 5, 2006, the court sentenced Petitioner to the BOP's custody for 37 Months, followed by 36 Months of Supervised Release. It appears from the Petition, that Petitioner was removed from the United States because of this conviction, and Petitioner is now serving a new sentence because he illegally re-entered the United States.

  Petitioner's Petition contends that he received ineffective assistance of counsel regarding the June 9, 2006 conviction because counsel failed to warn him about the plea's immigration consequences and counsel operated under a conflict of interest. In his first claim, Petitioner contends that his counsel was ineffective because he had a conflict of interest because he was retained to represent three potential defendants in this case. Accordingly to the Petition, Petitioner's counsel represented three individuals; One of which testified before the Grand Jury,

was ultimately was not charged, and not reveled to Petitioner.   Petitioner claims he was not informed that, along with representing himself and Co-Defendant Juan Torres Median, Petitioner's attorney also represented another potential defendant who offered exonerating evidence during his Grand Jury Testimony.  Petitioner contends that without knowing about his attorney's third client, who was never charged, Petitioner was denied conflict free counsel.   In his second claim, Petitioner contends that his counsel was ineffective and the court erred during the plea colloquy because Petitioner was never advised of the immigration consequences of his guilty plea.   Petitioner contends his counsel never mentioned possible immigration consequences to his plea.   The court's review of the plea agreement and plea colloquy revel that the court did not advise Plaintiff of the plea's potential immigration consequences.

The court finds that in resolving the pending Petition, a response by the United States would assist the court in analyzing the pending claims.   If Petitioner's allegations are true, Petitioner may be entitled to relief.[1]

Accordingly, the court ORDERS that the United States Attorney's Office is DIRECTED to respond to the Petition within thirty days.   The United States shall include with the response any and all transcripts or other documents relevant to the determination of the issues presented in the Petition.   If Petitioner's prior trial counsel requires a court order to provide a declaration concerning the Petition's relevant issues, the court will issue such an order upon request. Petitioner's Traverse, if any, is due on or before thirty (30) days from the date the Unites States's response is filed.

 IT IS SO ORDERED.

Dated:   March 8, 2012

CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Petitioner is forewarned that if the Petition is granted, the United States may be free to reinstate the charges against Petitioner, and any agreement concerning Petitioner's potential sentence will be void.  Petitioner is advised that the decision to proceed with this Petition may have unintended negative consequences and Petitioner should consult with his current attorney.