BENJAMIN B. WAGNER
United States Attorney
LAUREL J. MONTOYA
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JUAN REYES-AGUILAR,<br><br>Defendant, | CASE NO. 1:04-CR-05328-AWI<br>CASE NO. 1:10-CV-01934-AWI<br><br>EX PARTE APPLICATION FOR ORDER AND ORDER RE: WAIVER OF ATTORNEY-CLIENT PRIVILEGE REGARDING THE INEFFECTIVE ASSISTANCE OF COUNSEL ALLEGED IN PETITION FOR WRIT OF ERROR CORAM NOBIS |

I.  **INTRODUCTION AND FACTS**

Defendant Reyes-Aguilar pleaded guilty to a violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A), and was sentenced to 37 months on June 5, 2006. Defendant's petition for Writ of Error Coram Nobis alleges (among other issues) that his trial counsel was ineffective in advising him of the consequences of the plea, that there was a conflict in the representation, and that he did not understand what he was pleading to. Defendant Reyes-Aguilar further alleges in his petition that the attorney he hired to assist in his immigration matter was ineffective in representing him.

As detailed below, Ninth Circuit law is clear that a claim of ineffective assistance of counsel waives the attorney client privilege regarding matters encompassed by that claim. The government is requesting that this court issue an order stating that the defendant has waived his attorney-client privilege as to all matters related to the claims raised in his petition.

1

## II. ARGUMENT

"The privilege which protects attorney-client communications may not be used as both a sword and a shield. Where a party raises a claim which in fairness requires disclosure of the protected communication, the privilege may be implicitly waived." <u>Chevron Corporation v. Pennzoil Company</u>, 974 F.2d 1156, 1162 (9th Cir. 1992).

It has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective attorney. <u>Bittaker v. Woodford</u>, 331 F.3d 715, 716 (9th Cir. 2003), citing as examples: <u>Wharton v. Calderon</u>, 127 F.3d 1201, 1203 (9th Cir. 1997); <u>Tasby v. United States</u>, 504 F.2d 332, 336 (8th Cir. 1974); <u>Laughner v. United States</u>, 373 F.2d 326, 327 (5th Cir. 1967). Both <u>Tasby</u> and <u>Laughner</u> apply the rule to a section 2255 movant.

The Ninth Circuit traced the roots of the rule - that a litigant waives the privilege by putting the lawyer's performance at issue - as far back as <u>Hunt v. Blackburn</u>, 128 U.S. 464 (1888). <u>Bittaker</u>, 331 F.3d at 718.

The Ninth Circuit in <u>Bittaker</u> considered the scope of the waiver and limited use of any information obtained through the waiver to the litigation in the federal habeas petition. In the context of that litigation, the privilege is implicitly waived "by asserting claims the opposing party cannot adequately dispute unless it has access to the privilege materials." <u>Id.</u> at 719.

## III. CONCLUSION

The government requests that this court issue an order stating that defendant Reyes-Aguilar has waived the attorney-client privilege as to all matters related to the claims raised in his petition for Writ of Error Coram Nobis.

DATED: March 30, 2012                           Respectfully submitted,

                                                BENJAMIN B. WAGNER
                                                UNITED STATES ATTORNEY


                                                By: /s/ Laurel J. Montoya
                                                LAUREL J. MONTOYA
                                                Assistant U.S. Attorney

2

**ORDER**

The Court having considered the United States' ex parte application for order holding that defendant Reyes-Aguilar has waived attorney-client privilege regarding the ineffective assistance of counsel alleged in defendant's petition for Writ of Error Coram Nobis, herby grants that motion and finds that defendant Reyes-Aguilar has waived the attorney-client privilege as to any and all matters encompassed by defendant's claims in his petition and the Court further Orders trial counsel, Attorney Eduardo Ruiz, to furnish information and documents relating to defendant Reyes-Aguilar's claims in his petition for Writ of Error Coram Nobis.

The Court further Orders defendant's counsel in his immigration matter, Attorney Peter Singh, to furnish information and documents relating to defendant Reyes-Aguilar's claims in his petition for Writ of Error Coram Nobis should that information be needed to respond to the claims in the petition.

IT IS SO ORDERED.

Dated:   March 30, 2012

CHIEF UNITED STATES DISTRICT JUDGE